In re Petition for DISCIPLINARY ACTION AGAINST Susan A. YAGER, a Minnesota Attorney, Registration No. 196575.

No. A12–0583.

Supreme Court of Minnesota.

Nov. 14, 2012.

### ORDER

On April 2, 2012, the Director of the Office of Lawyers Professional Responsi-

bility filed a petition for disciplinary action alleging that respondent Susan A. Yager committed professional misconduct warranting public discipline, namely, calling as a witness and examining a co-defendant who respondent knew was represented by counsel without the consent of his counsel during a contested omnibus hearing, neglect of a client matter, non-communication, and lack of competence in a matter, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 4.2, 4.4(a), and 8.4(d). Respondent waives her procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), withdraws her previously filed answer, and admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand, followed by two years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings therein,

IT IS HEREBY ORDERED THAT:

1. Respondent Susan A. Yager is publicly reprimanded.

2. Respondent shall be subject to supervised probation for a period of two years, beginning on the date of filing of this order, with the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files, as described in paragraph c below. Respondent shall make active client files available to the Director upon request.

c. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

d. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients,

courts, and other persons with an interest in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Within 30 days from the filing of the court's order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f. Respondent shall abide by the Minnesota Rules of Professional Conduct.

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/
Alan C. Page
Associate Justice